IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bilal A. Al-Haqq, | ) |
|                   Plaintiff, | ) C/A No. 2:14-098-TMC |
| v. | ) **OPINION & ORDER** |
| Byran P. Stirling; Warden John Pate; Associate Warden McKendly Newton; Associate Warden Randall Williams; Major Walter Worrick; Dr. Thomas E. Byrne; HCA Pamela C. Derrick; Captain Ricky Grimes; Lieutenant Richard Jenkins; Corporal Marvin Byrant; Sargeant Floyd Hughes; Sargeant Walker; Mrs. C. Smith; Ms. V. Jones; Mr. Dukes; Ms. Verlynda Henderson; Ms. Brantley; Ms. Marilyn Smart; Ms. P. Smith; Mrs. Virginia Grubbs; Officer John E. Crumley; Sargeant Phadra Rivers-Smith; Dr. John Tomarchio; Janine Wrecsics; Maria Leggins; Doris Poole; Mrs. C. Butler; Ms. Brown; and Oliver Washington, individually and in official capacities, | ) |
|                   Defendants. | ) |

      Plaintiff Balil A. Al-Haqq ("Plaintiff"), a prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. §1983. This matter is before the court on three separate motions to dismiss: 1) Motion to Dismiss filed by Defendants Ms. Brantley, Ms. Brown, Marvin Byrant, Thomas E. Byrne, John E. Crumley, Pamela C. Derrick, Mr. Dukes, Virginia Grubbs, Verlynda Hendeson, Floyd Hughes, Richard Jenkins, V. Jones, Maria Leggins, McKendley Newton, John Pate, Doris Poole, Phadra Rivers-Smith, Marilyn Smart, P. Smith, Bryan P. Stirling, Sgt. Walker, Oliver

Washington, Randall Williams, Walter Worrick, and Janine Wrecsics (ECF No. 31); 2) Motion to Dismiss filed by Defendant Dr. John Tomarchio (ECF No. 34); and 3) Motion to Dismiss filed by Defendant Ricky Grimes. (ECF No. 39). Additionally, Plaintiff has filed a document he entitled "Plaintiff's Response to Defendants Reply," which as the magistrate judge concluded, is actually a motion to amend his Complaint. (ECF No. 54).  On October 27, 2014, the magistrate judge assigned to this matter filed a Report and Recommendation ("Report") in which he recommended that Defendants' Motions to Dismiss be granted and Plaintiff's Motion to Amend be denied. (ECF No. 56). Additionally, the magistrate judge recommended that the named but unserved Defendants C. Smith, C. Butler, and Sergeant Contraband be dismissed, and this action ended. *Id.*[1]  Plaintiff timely filed objections. (ECF No. 58).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed.  *Id.*  However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life &*

---

[1] It is apparent that Oliver Washington is a sergeant over contraband and Washington and "Sergeant Contraband" are actually the same person.  (Compl. at 4, 9).  And the docket reflects that Washington was properly served. (ECF No. 30).

*Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation. Briefly, Plaintiff alleges various violations of his constitutional rights including deliberate indifference to his serious medical needs, excessive force, retaliation, denial of due process, denial of access to the courts, and many claims regarding the conditions of confinement in the Specialized Management Unit ("SMU") at Allendale Correctional Institution ("ACI"). The Defendants moved to dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies prior to filing this action, the Defendants are not liable in their official capacities, Plaintiff has failed to state a claim, Defendants are entitled to qualified immunity, and Plaintiff's request for injunctive relief is moot as he has been transferred out of ACI.

The magistrate judge agreed with the Defendants, finding that Plaintiff failed to exhaust his administrative remedies, Plaintiff could not maintain an action against Defendants in their official capacities and could not impose supervisory liability on Defendants, and Plaintiff's injunctive relief claim had been mooted by Plaintiff's transfer out of ACI. (Report 10-12). The magistrate judge noted Plaintiff admitted in response to Defendants' motions that he had not exhausted his administrative remedies (ECF No. 44). (Report at 10). The magistrate judge recommended that the Motions to Dismiss be granted. The magistrate judge also addressed Plaintiff's Motion to Amend his Complaint and recommended the motion be denied as it was futile and prejudicial to Defendants. (Report at 12-13). In his objections, Plaintiff objects only to the magistrate judge's recommendation that Plaintiff's Motion to Amend be denied. (ECF No. 58, Objections).

"Although leave to amend should be 'freely give[n] when justice so requires,' a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse

3

'to grant the leave without any justifying reason.' " *Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 603 (4th Cir. 2010) (quoting Fed.R.Civ.P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Id.*

Plaintiff seeks to add medical indifference claims against several Defendants. Specifically, he states that he is seeking to add the same claims he raised in another action, *Al-Haqq v. Byars*, 2:13-cv-2043-JFA (filed July 25, 2013), which on September 3, 2014, was dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies prior to filing that action. (ECF No. 51-3). Plaintiff contends that in October 2013 he exhausted his administrative remedies in regard to these claims. He also contends that filing a new action would cause him an unnecessary burden. (ECF No. 58 at 3). However, after careful consideration and reviewing Plaintiff's Complaint in the other action, the court agrees with the magistrate judge and finds it would be unduly prejudicial to Defendants to allow Plaintiff to amend the Complaint in this action at this stage of the proceedings. Moreover, as the magistrate judge noted, although Plaintiff discusses some of the proposed claims he wishes to add, he has not submitted a proposed amended complaint, making it impossible to determine exactly what claims he wants to assert.[2] Accordingly, the court denies Plaintiff's Motion to Amend his Complaint.

## Conclusion

Based on the foregoing, the court adopts the Report (ECF No. 56). Accordingly, Defendants' Motions to Dismiss (ECF Nos. 31, 34, and 39) are **GRANTED**, and Plaintiff's

---

[2]The court notes that in Plaintiff's Complaint in the other action included many claims regarding Plaintiff's medical care. The magistrate judge in that case found that only one of Plaintiff's claims was exhausted, and none were exhausted prior to Plaintiff filing suit.

Motion to Amend (ECF No. 54) is **DENIED**.  Furthermore, the named but unserved Defendants C. Butler and C. Smith are **DISMISSED**.

    **IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              United States District Judge

Anderson, South Carolina
December 1, 2014